Granted X [signature]
12-18-17

# ELECTRONIC RECORD

## NO. WR-86,920-02

WR-86,920-02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/9/2017 4:58 PM
Accepted 11/16/2017 10:40 AM
DEANA WILLIAMSON
CLERK

## IN THE COURT OF CRIMINAL APPEALS

RECEIVED
COURT OF CRIMINAL APPEALS
11/16/2017
DEANA WILLIAMSON, CLERK

## IN RE STATE OF TEXAS EX REL. BRIAN W. WICE, Relator

---

## ON STATE'S PETITION FOR WRIT OF MANDAMUS AGAINST THE FIFTH COURT OF APPEALS

## ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NOS. 05-17-00634-CV, 05-17-00635-CV & 05-17-00636-CV
### OF COLLIN COUNTY, TEXAS

---

## COLLIN COUNTY COMMISSIONERS COURT'S MOTION FOR LEAVE TO SUBMIT FOR FILING COLLIN COUNTY COMMISSIONERS' SUR-REPLY TO RELATOR'S REPLY TO THE COLLIN COUNTY COMMISSIONER COURT'S RESPONSE TO PETITION FOR WRIT OF MANDAMUS AND/OR TO STRIKE FROM THE REPLY THE PURPORTED AMICUS BRIEFS INCORPORATED THEREIN BY REFERENCE

---

TO THE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, the Collin County Commissioners Court, a real party in interest in the above-captioned matter, by and through its undersigned counsel, and pursuant to Tex. R. App. P. 52, seeks leave of Court to file the attached Sur-reply to Relator's Reply to the Collin County Commissioner Court's Response to Petition for Writ of Mandamus and/or Motion to Strike the Purported Amicus Briefs Incorporated by Reference Therein ("Sur-reply").

1

## I.

## OVERVIEW

Collin County seeks to file a Sur-Reply to Relator's Reply to the Collin County Commissioner Court's Response to Petition for Writ of Mandamus and/or Motion to Strike the Purported Amicus Briefs Incorporated by Reference Therein. The grounds for this request include the fact that Relator's Reply Brief (1) includes apparent misrepresentations of fact; (2) includes in the appendix improper materials in the form of argument and briefing that exceeds the word/page limits and includes arguments raised for the first time in the Reply; and (3) disregards procedural rules by attempting to include by reference materials not yet filed with the Clerk. Collin County seeks to offer a Sur-reply and/or Motion to Strike in the interests of justice to address these issues and to aid the court in resolving this matter. This request is not sought to delay, but so that justice can be done.

## ARGUMENT

The matter before the Court involves a conditional order of mandamus entered by the Fifth Court of Appeals requiring Judge George Gallagher to vacate an order that Collin County pay in excess of $200,000 in interim attorney fees to three attorneys pro tem appointed as special prosecutors. Tex. Code Crim. Proc. Art. 26.05 sets forth the statutory framework for the appointment of counsel appointed to defend indigent defendants in criminal cases. Tex. Code Crim. Proc.

Art. 2.07 applies it to the appointment of attorneys pro tem appointed to prosecute. In summary, with respect to compensation, the law requires the judges who preside over criminal cases in a county to develop a fee schedule that states fixed rates or minimum and maximum hourly rates. The law requires that court ordered fees be paid according to this fee schedule. Thus, the fees should not exceed (or fall below) the amounts determined pursuant to the fee schedule. Contrary to the plain language of the statute, the Collin County Local Rules included Rule 4.01B which provided that in unusual circumstances, the presiding district judge could vary from the fee schedule. In reliance on this illegal local rule, Judge Gallagher ordered that the fees in the underlying case shall vary from the adopted fee schedule and he ordered fees far in excess of those allowed under Collin County's fee schedule. The Fifth Court of Appeals found that this was an illegal and void order because Judge Gallagher had no discretion under Texas law to vary from the fee schedule and that Local Rule 4.01B did not comply with Texas law. The Fifth Court of Appeals accordingly entered a conditional writ of mandamus ordering Judge Gallagher to vacate his order. Thereafter, the attorneys pro tem filed a Petition for Writ of Mandamus before this Court seeking a mandamus ordering the Fifth Court of Appeals to vacate its order thereby allowing Judge Gallagher's order to remain in place.

3

On October 27, 2017 an amicus curiae brief, purporting to be filed on behalf of the Texas Criminal Defense Lawyers Association, hereinafter referred to as the "TCDLA," was submitted to the Clerk of the Court. This purported amicus curiae brief will hereinafter be referred to as the "Disavowed Amicus Brief." It was accepted by the Clerk at 10:31 AM on October 30, 2017. Disavowed Amicus Brief, cover page clerk stamp.

The Disavowed Amicus Brief purported to be filed on behalf of the TCDLA, and it so stated on its cover page, with further explanation in the required Rule 11 certification. On October 31, 2017, the attorney who filed the brief and made the Rule 11 certification with respect to the Disavowed Amicus Brief, submitted a Motion to Withdraw Amicus Brief, notifying the Court that contrary to the representations made upon submission, it had not been approved by the TCDLA. The filing attorney requested that the brief be withdrawn, stricken and not considered by the Court. The motion clearly states that the Executive Committee of the TCDLA instructed the filer to withdraw the brief and request that it be stricken from the record.

Relator thereafter filed Relator's Reply to the Collin County Commissioner Court's Response to Petition for Writ of Mandamus ("Reply"), which acknowledged knowing of the motion to withdraw the Disavowed Amicus Brief. However, Relator attached a somewhat edited version of the Disavowed Amicus

4

Brief as an appendix to the Reply. The Reply does not plainly advise the Court that the brief has been disavowed by the TCDLA or that the attorney who had filed it did not have authority to file it on behalf of the TCDLA. Even after the brief was disavowed by the TCDLA, Relator continues to mischaracterize it in the Reply as being "tendered by the Texas Criminal Defense Lawyers Association." Collin County seeks to address this issue in a sur-reply.

Attaching the Disavowed Amicus Brief to Relator's Reply as an appendix and attempting to incorporate it by reference into the Reply is improper. In addition to the procedural irregularities, the Disavowed Amicus Brief generally consists of new argument, such as arguments prefaced with the statement that they were not raised by the Relator and other arguments based on authority from outside Texas and attorney fee plans from other states. It also exceeds the scope of Collin County's response. The Disavowed Amicus Brief Relator has attached as an appendix is replete with unauthorized statements and improper argument. Including argument and briefing in an appendix is improper and it is an attempted end run around word count and page limitations. Collin County requests leave to file a sur-reply to address this issue.

In addition to attempting to incorporate by reference the Disavowed Amicus Brief, Relator also attempts to incorporate in the Reply a yet to be filed amicus curiae brief that Relator says he expects to be filed by the National Association of

5

Criminal Defense Lawyers. Reply, p. 1, note 1. No further description was given of the anticipated amicus brief or its positions in the Reply. Incorporating yet to be filed materials into Relator's Reply is improper. Collin County seeks to file a sur-reply to address this issue.

Relator's Reply also alleges that Judge Becker, who appointed the attorneys pro tem and then promptly recused himself, was "an agent of Collin County." Reply, p. 13, 14. The Honorable Judge George Gallagher was assigned to the case. Relator's Petition, p. 5; Opinion of Dallas Court of Appeals in Collin County's Response Appendix Tab 1, p. 3, note 1. There is no authority for the proposition that Judge Becker was an agent of the county for the purpose of entering into contracts with attorneys pro tem, especially on a case in which he promptly recused himself and over which he was not presiding when the fees in question were incurred. There is nothing in the Collin County Fee Schedule, or Rule 4.01B, or Texas law that allows a single judge to enter into agreements with appointed counsel in a case over which the judge would not preside and/or to approve hourly rates or fees for services yet to be rendered. A Texas judge's discretion is limited to ordering a fee that falls within the fee schedule adopted by the district court judges trying criminal cases in the county. Tex. Code Crim. Proc. Art. 26.05 does not authorize a judge, acting alone, to establish attorney compensation rates or to bind the county with respect to any such rates. Neither

Judge Becker nor Judge Gallagher was authorized to approve and order payment of attorneys' fees to the attorneys pro tem that exceeded (or fell below) the amounts allowed by the Collin County fee schedule. Collin County requests leave to file a sur-reply addressing these issues.

In a footnote to the Reply, Relator recognized for the first time that the remedy available to the Commissioners Court if they disagreed with the order of the trial court was through mandamus. Reply, p. 14, note 13. Because of this available remedy, Relator's Reply says Collin County's concern about sanctions was "apropos of nothing." Such constitutes an admission that mandamus was the proper remedy available to Collin County to challenge the underlying order of Judge Gallagher. Collin County requests leave to file a sur-reply addressing this issue.

## CONCLUSION

Collin County respectfully requests that it be allowed to file the attached Sur-Reply in opposition to the Reply filed by Relator. This is an important case to the citizens of Collin County, and citizens all across the state. It is important to the Rule of Law and the system of reasonably compensating court appointed counsel – prosecutors and defense counsel alike. The law is clear, properly enacted by the Legislature and it establishes a wise framework for paying court appointed counsel that works well when used according to its terms. This Court should not disrupt a

7

statutory framework simply because Relator ignored it and is now faced with a result Relator considers distasteful. This is especially true where the fix suggested by Relator would return Texas jurisprudence to a day when court appointed lawyers were paid at the whim of individual judges on a case by case basis untethered by a properly adopted fee schedule.

Because of the foregoing, it is important that Collin County be allowed to file a sur-reply addressing the Reply filed by Relator and the improper attempt to include new arguments, the Disavowed Amicus Brief and another yet to be filed amicus brief in the Reply by reference. Such will serve the interests of justice and is not sought for delay.

## PRAYER

Collin County respectfully asks this Court to grant leave to file the Sur-Reply and Motion to Strike that is attached hereto as Exhibit "A," that Relator's Petition for Mandamus be denied and the Order of the Fifth District Court of Appeals be upheld and for any other, further or additional relief to which Collin County may be justly entitled.

Respectfully submitted,

SIEBMAN, BURG, PHILLIPS & SMITH, LLP

By: /s/ *Clyde M. Siebman*

Clyde M. Siebman
Texas Bar No. 18341600

8

clydesiebman@siebman.com
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
300 North Travis
Sherman, Texas 75090
(903)870-0070- Telephone
(903)870-0066- Fax

Bryan H. Burg
Texas Bar No. 03374500
bryanburg@siebman.com
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
4949 Hedgcoxe Road, Suite 230
Plano, Texas 75024
(214)387-9100- Telephone
(214)387-9125- Fax

COUNSEL FOR REAL PARTY IN
INTEREST, COLLIN COUNTY, TEXAS,
COUNTY COMMISSIONERS

## CERTIFICATE OF SERVICE

I certify that on November 9, 2017, I served a copy of the foregoing Sur-reply to Relator's Reply to the Collin County Commissioner Court's Response to Petition for Writ of Mandamus and/or Motion to Strike the Purported Amicus Briefs Incorporated by Reference Therein on all counsel of record by delivering a true and correct copy to them by electronic delivery at the time this Motion was filed.

*/s/ Clyde M. Siebman*

# EXHIBIT A

NO. WR-86,920-02

# IN THE COURT OF CRIMINAL APPEALS

IN RE STATE OF TEXAS EX REL. BRIAN W. WICE, Relator

ON STATE'S PETITION FOR WRIT OF MANDAMUS AGAINST THE FIFTH
COURT OF APPEALS

ON APPLICATION FOR A WRIT OF MANDAMUS
CAUSE NOS. 05-17-00634-CV, 05-17-00635-CV & 05-17-00636-CV
OF COLLIN COUNTY, TEXAS

COLLIN COUNTY COMMISSIONERS' SUR-REPLY TO RELATOR'S
REPLY TO THE COLLIN COUNTY COMMISSIONER COURT'S
RESPONSE TO PETITION FOR WRIT OF MANDAMUS AND/OR TO
STRIKE FROM THE REPLY THE PURPORTED AMICUS BRIEFS
INCORPORATED THEREIN BY REFERENCE

Clyde M. Siebman
Texas Bar No. 18341600
clydesiebman@siebman.com
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
300 North Travis
Sherman, Texas 75090
(903) 870-0070- Telephone
(903) 870-0066 -Fax

Bryan H. Burg
Texas Bar No. 03374500
bryanburg@siebman.com
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
4949 Hedgcoxe Road, Suite 230
Plano, Texas 75024
(214) 387-9100- Telephone
(214) 387-9125- Fax

# IDENTIFICATION OF THE PARTIES

## Relators:

Brian W. Wice
Kent Schaffer
Nicole DeBorde

## Counsel for Relators:

Brian W. Wice
440 Louisiana, Suite 900
Houston, Texas 77002-1635

## Respondent:

Court of Appeals Fifth District of Texas at Dallas

## Real Party in Interest:

Collin County/Collin County Commissioners Court

## Counsel for Real Party in Interest:

Clyde M. Siebman
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
300 North Travis
Sherman, Texas 75090

Bryan H. Burg
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
4949 Hedgcoxe Road, Suite 230
Plano, Texas 75024

## Real Party in Interest-Defendant:

Warren Kenneth Paxton, Jr.

## Counsel for Real Party in Interest-Defendant:

Dan Cogdell

402 Main Street
Houston, Texas 77002

Bill Mateja
2950 N. Harwood, Suite 2100
Dallas, Texas 75201

Philip Hilder
819 Lovett Boulevard
Houston, Texas 77006

## Trial Judges:

Honorable George Gallagher
416th Judicial District Court
Collin County, Texas

Honorable Robert Johnson
177th Criminal District Court
Harris County, Texas

## Amicus Curiae:

County Judges and Commissioners Association:

James P. Allison
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701

Texas Criminal Defense Lawyers Association:

Hilary Sheard
7421 Burnet Rd. #300-512
Austin, Texas 78757

Gary Taylor
909 8th Street, Suite 202
Wichita Falls, Texas 76301

Kyle Therrian
4500 Eldorado Pkwy, Suite 3000
McKinney, Texas 75070

David Schulman
1801 East 51st Street, Suite 365-474
Austin, Texas 78723

Bexar County District Attorney's Office:

Nicholas Lahood
Enrico B. Valdez
101 W. Nueva, 7th Floor
San Antonio, Texas 78205-3030

Travis County Attorney:

David Escamilla
314 West 11th Street, Room 300
Austin, Texas 78701

Travis County District Attorney:

Margaret M. Moore
509 West 11th Street
Austin, Texas 78701

Former State Prosecuting Attorney:

Lisa C. McMinn
1213 Alta Vista Ave.
Austin, Texas 78704

Fort Bend County District Attorney:

John F. Healey, Jr.
1422 Eugene Heimann Cir.
Richmond, Texas 77469

# TABLE OF CONTENTS

INDEX OF AUTHORITIES      v

STATEMENT OF THE CASE      1

STATEMENT OF FACTS      2

ARGUMENT      10

I.     The Disavowed Amicus Brief.      10

II.     A brief yet to come?      12

III.     No agency relationship.      13

IV.     The agreement to pay $300 per hour      14
       is not allowed by Rule 4.01B.

CONCLUSION      15

PRAYER      16

CERTIFICATIONS      17

# INDEX OF AUTHORITIES

### Case Law

*Lopez v. Munoz, Hockema & Reed, L.L.P.,*        11
22 S.W.3d 857 (Tex.2000)

*Smith v. Flack,*        6, 13
728 S.W.2d 784 (Tex. Crim. App. 1987)

### Statutes and Rules:

Collin County Local Rule 4.01B        2, 5, 8, 9, 14

Collin County Local Rule 4.02        14

Collin County Local Rule 4.03        14

Tex. Code Crim. Proc. Art. 2.07        1, 13

Tex. Code Crim. Proc. Art. 26.05        1, 5, 6, 8, 9, 13-15

Tex. R. App. P. 11(b) & (c)        10

Tex. R. App. P. 52.3        11-12

Tex. R. App. P. 52.4        12

Tex. R. App. P. 52.5        11-12

## STATEMENT OF THE CASE

Collin County respectfully submits this Sur-reply to Relator's Reply to the Collin County Commissioner Court's Response to Petition for Writ of Mandamus and/or Motion to Strike the Purported Amicus Briefs Incorporated by Reference Therein ("Sur-reply"). Relator's Reply brief (1) includes apparent misrepresentations of fact; (2) includes issues raised for the first time in the Reply and in the Appendix improper materials in the form of further argument and briefing; and (3) disregards procedural rules by including the attempted incorporation by reference of materials not yet filed with the Clerk and materials requested to be stricken. Collin County offers this Sur-reply and/or Motion to Strike in the interests of justice and to aid the court in resolving this matter.

## BACKGROUND

The matter before the Court involves a conditional order of mandamus entered by the Fifth Court of Appeals requiring Judge George Gallagher to vacate an order that Collin County pay in excess of $200,000 in interim attorney fees to three attorneys pro tem appointed as special prosecutors. Tex. Code Crim. Proc. Art. 26.05 sets forth the statutory framework for the appointment of counsel to defend indigent defendants in criminal cases. Tex. Code Crim. Proc. Art. 2.07 applies that same framework to the appointment of attorneys pro tem to prosecute. In summary, with respect to compensation, the law requires the judges who preside

1

over criminal trials in a county to develop a fee schedule that states fixed rates or minimum and maximum hourly rates. The law requires that court ordered fees be paid according to the fee schedule. Contrary to the plain language of the statute, the Collin County Local Rules included Rule 4.01B which provided that in unusual circumstances, the presiding district judge could vary from the fee schedule. In reliance on this illegal local rule, Judge Gallagher ordered that the fees in the underlying case shall vary from the adopted fee schedule and he ordered fees far in excess of those allowed under Collin County's fee schedule. The Fifth Court of Appeals found that this was an illegal and void order because Judge Gallagher had no discretion under Texas law to vary from the fee schedule and that Local Rule 4.01B did not comply with Texas law. The Fifth Court of Appeals accordingly entered a conditional writ of mandamus ordering Judge Gallagher to vacate his order. Thereafter, the attorneys pro tem filed a Petition for Writ of Mandamus before this Court seeking a mandamus ordering the Fifth Court of Appeals to vacate its order thereby allowing Judge Gallagher's order to remain in place.

## STATEMENT OF FACTS

On October 27, 2017 an amicus curiae brief, purporting to be filed on behalf of the Texas Criminal Defense Lawyers Association, hereinafter referred to as the "TCDLA," was submitted to the Clerk of the Court. This purported amicus curiae brief will hereinafter be referred to as the "Disavowed Amicus Brief." It was

2

accepted by the Clerk at 10:31 AM on October 30, 2017. *See* Disavowed Amicus Brief, as originally submitted to Court, cover sheet.

The Disavowed Amicus Brief purported to be filed on behalf of the TCDLA, a non-profit entity, and it so stated on its cover page and the required Rule 11 certification. Disavowed Amicus Brief, as originally submitted to the Court, p. xii.

On October 31, 2017, the attorney who made the Rule 11 certification with respect to the Disavowed Amicus Brief, and who signed and filed the Brief, submitted a Motion to Withdraw Amicus Brief, notifying the Court that contrary to the representations made upon submission, it had not been approved by the TCDLA as represented and certified. The filing attorney requested that the brief be withdrawn, stricken and not considered by the Court. The motion clearly states that the Executive Committee of the TCDLA instructed the filer to withdraw the brief and request that it be stricken from the record.

Later in the day on October 31, 2017, Relator filed Relator's Reply to the Collin County Commissioner Court's Response to Petition for Writ of Mandamus ("Reply"), which acknowledged knowing of the Motion to Withdraw the Disavowed Amicus Brief. However, Relator nevertheless attached to the Reply as its Appendix a somewhat edited version of the Disavowed Amicus Brief. Relator characterized the basis of the Motion to Withdraw the Amicus Brief as a failure to follow TCDLA's "established procedures and policies relating to the filing of

3

amicus briefs." However, the Reply did not plainly advise the Court that the brief had been disavowed by the TCDLA and that the attorney who submitted it did not have authority to file it on behalf of the TCDLA. Moreover, Relator expressly mischaracterized the Disavowed Amicus Brief in the Reply as being "tendered by the Texas Criminal Defense Lawyers Association." At the time Relator represented to this Court that the Disavowed Amicus Brief was tendered by TCDLA, Relator knew this to be false because he referenced the motion in which this fact was made clear by the attorney who filed it. The Motion to Withdraw the Amicus Brief, filed by the very same attorney who submitted the Disavowed Amicus Brief, stated, "I have been instructed by the Executive Committee of TCDLA to withdraw the Brief and request that it be stricken from the record." Motion to Withdraw Amicus Brief, pp. 1-2. The motion also stated "...this brief was in fact not authorized to be filed by TCDLA." Motion to Withdraw Amicus Brief, p. 1. Relator's reference to the Disavowed Amicus Brief as TCDLA's brief, and as being tendered by TCDLA, is simply not true, and knowingly so.

With full knowledge that the TCDLA and the submitting attorney asked that the Disavowed Amicus Brief be withdrawn, stricken and not considered by the Court, Relator discussed the Disavowed Amicus Brief in the body of the Reply, attached it to the Reply as an Appendix and attempted to incorporate it by reference into the Reply. Relator's statement to this Court that the arguments in

4

the Disavowed Amicus Brief should be considered, despite the fact that the document should never have been submitted, establishes that the Brief does not properly belong in the Appendix because it is now Relator's argument, pure and simple. Moreover, it generally consists of new argument, such as arguments prefaced with the statement that they were not raised by the Relator and other arguments based on authority from outside Texas and attorney fee plans from other states.

The Disavowed Amicus Brief in Relator's Appendix is replete with unauthorized statements and improper argument. For example, the Disavowed Amicus Brief alleged that the TCDLA believed that an opinion finding that Collin County Local Rule 4.01B violated Tex. Code Crim. Proc. Art. 26.05 would have a negative impact on indigent defense. Relator's Appendix ("Relator's App."), p. 4. The authors of the Disavowed Amicus Brief may think that is true, but there was no authority to say so in behalf of the TCDLA. In fact, the TCDLA made its position clear, which was that it did not authorize the submission of the Disavowed Amicus Brief and wanted it withdrawn, stricken and not considered by this Court. Relator knew not to present the Disavowed Amicus Brief as the Brief of the TCDLA, and then falsely certified to the Court that he "redacted any mention" of the TCDLA in the body of the Brief. Reply, p. 17, note 14. Relator failed to do

so.[1] (*see* pages 4 and 28 of Relator's Appendix). The Disavowed Amicus Brief raised an inherent powers argument that opened with a statement that the petition for mandamus "carefully stops short of stating what should be acknowledged" and then proposed a new argument. Relator's App., p. 5. The Disavowed Amicus Brief included the argument that the Commissioners Court had a ministerial duty to "settle" (meaning "pay") any bill approved by the County Auditor.[2] Relator's App. p. 21, note 11. The Disavowed Amicus Brief also makes separation of powers arguments "[i]n anticipation that the Commissioners will revive this Argument before this Court," thus purporting to anticipate Collin County's future pleadings. Relator's App., p. 23. A proposal to compensate counsel appointed in Collin County as if there was no Art. 26.05 fee schedule in place, was included in the Disavowed Amicus Brief. Relator's App., 25. Finally, the Disavowed Amicus Brief made arguments premised on Florida and Arkansas law. Relator's App., 26, 30. The Disavowed Amicus Brief proposed one excuse for unilateral court action after another, but did not actually suggest that there was any limit to the fees

---

[1] Worse yet, in the body of Relator's Reply, he refers to the Disavowed Amicus Brief as being filed by TCDLA and as the amicus brief of TCDLA. Reply, p. 17. He obviously knew this was untrue given the other statements in the Reply.

[2] The Disavowed Amicus Brief misstates the roles of the County Auditor and Commissioners Court. The Disavowed Amicus Brief did not cite *Smith v. Flack*, 728 S.W.2d 784 (Tex. Crim. App. 1987), which discusses the lines of authority in county government, the duties of County Auditors and Commissioners Courts and the ministerial and discretionary duties under a predecessor version of Tex. Code Crim. Proc. Art. 26.05. It also failed to address the issue of whether the auditor approved the subject bill for payment.

(fixed, minimum or maximum) that could be awarded, or explain any basis for a position that the Fifth Court of Appeals misinterpreted Texas law.

As originally submitted, the Disavowed Amicus Brief includes a certification that "this document, created using WordPerfect™ X8 software, contains 6,769 words, excluding those items permitted by Rule 9.4 (i)(1)." After the editing by Relator, it is unclear how many words were added to the Reply submitted by Relator; however, it seems clear that the length of the pleading exceeds that allowed under TRAP 9. The result is a Reply measuring 60 pages in length, with its last 40 pages, and approximately 6,769 words consisting of the Disavowed Amicus Brief, that constitutes new argument improperly disguised as an incorporated Appendix.

In addition to attempting to incorporate by reference the Disavowed Amicus Brief, Relator also attempts to incorporate in the Reply a yet to be filed amicus curiae brief that Relator says he expects to be filed by the National Association of Criminal Defense Lawyers (hereinafter referred to as the "NACDL") at an undisclosed time in the future. Reply, p. 1, note 1. No further description was given of the anticipated amicus brief or its positions. Relator did not explain how Relator knew of the NACDL brief or why Relator was willing to incorporate into the Reply arguments yet to be presented by a third party.

Relator's Reply announced that Judge Becker, who appointed the attorneys pro tem and then recused himself, was "an agent of Collin County." Reply, p. 13, 14. The Honorable Judge George Gallagher was assigned to the case. Relator's Petition, p. 5; Opinion of Dallas Court of Appeals in Collin County's Response Appendix Tab 1, p. 3, note 1. There is no authority for the proposition that Judge Becker was an agent of the county for the purpose of entering into contracts with the attorneys pro tem, especially on a case on which he promptly recused himself and over which he did not preside when the fees in question were incurred.

Relator argues in the Reply that Judge Becker agreed to pay the attorneys pro tem $300 per hour and a "first-year law student could see that this case fell squarely within the ambit of Rule 4.01B's plain language authorizing Judge Becker to pay this rate given the unusual circumstances of this case..." Reply, p. 13-14. Rule 4.01B did not authorize Judge Becker to agree in advance to anything. It provided, albeit in violation of Art. 26.05, "[t]he judge presiding over a case may authorize payment to appointed counsel that varies from the fee schedule in unusual circumstances or where the fee would be manifestly inappropriate because of circumstances beyond the control of the appointed counsel." That same hypothetical law student could see that Judge Becker was not the presiding judge who, in fact, authorized a payment. Judge Becker could not know what the circumstances of the case would be or how many attorneys would be hired. Even

8

if Rule 4.01B were valid, which it is not, it wouldn't allow Judge Becker to set a fixed hourly rate in advance. The attorneys pro tem could not have reasonably relied on anything Judge Becker did with respect to the issue of attorney fees. There is nothing in the Collin County Fee Schedule, or Rule 4.01B for that matter, or Texas law, that allows a single judge to enter into agreements with appointed counsel in a case over which the judge would not preside or to otherwise approve hourly rates or fees for services yet to be performed. Moreover, the $300 per hour allegedly promised by Judge Becker is a rate and not a fee. Tex. Code Crim. Proc. Art. 26.05(c) clearly provides that rates will be established by the board of district court judges trying criminal cases, so there is no authority for a single judge to agree to a new rate. Relator's argument that Judge Becker could be the agent of Collin County to establish an hourly rate for the attorneys pro tem completely ignores the law. Neither Judge Becker nor Judge Gallagher had the authority to approve fees that varied (above or below) the fixed rates or minimum and maximum hourly rates of the Collin County fee schedule.

In a footnote to the Reply, Relator recognized that the remedy available to the Commissioners Court if they disagreed with the order of trial court was through mandamus. Reply, p. 14, note 13. Because of this available remedy, Relator's Reply says Collin County's concern about sanctions was "apropos of nothing."

Relator's dismissal of the concern about sanctions admits that mandamus is the appropriate remedy.

Anecdotal musings aside, there has been nothing, especially not evidence or judicial findings, suggesting that the fees adopted by the judges trying criminal cases in Collin County were inadequate to attract competent counsel, or that a state prosecutor could not be found to prosecute the case. Collin County is not a party to the underlying criminal case and had no opportunity or right to participate in it.

## ARGUMENT

### I.    The Disavowed Amicus Brief.

The Rules of Appellate Procedure require those who submit briefs as amicus curiae to certify to their identity and disclose any compensation. Tex. R. App. P. 11(b) & (c). It is now clear that the designation of the TCDLA as the entity on whose behalf the Disavowed Amicus Brief was submitted was, in fact, false. Despite knowing that the TCDLA had disavowed the Disavowed Amicus Brief, Relator continues to mischaracterize the document as being the amicus brief of TCDLA and being tendered by TCDLA. It is not. It should be stricken from the record and not considered by the Court.

It is clear that the Disavowed Amicus Brief in Relator's Appendix cannot be an amicus brief, since it no longer has the certification required for such briefs pursuant to Tex. R. App. P. 11. Relator removed the certification from the copy of

the Brief included in the Appendix which further evidences Relator's knowledge that it wasn't the amicus brief of the TCDLA. Reply, p. 17, note 14. At this point, the Disavowed Amicus Brief lacks a submitting sponsor.

Irrespective of whether the Disavowed Amicus Brief remains the brief of amicus curiae, an appellate court cannot consider arguments raised by an amicus curiae brief, where such arguments were not raised by parties themselves. *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857 (Tex.2000). Many of the issues raised in the Disavowed Amicus Brief were raised for the first time by the brief, and not raised by Relator until his attempt to include the Disavowed Amicus Brief as an Appendix to Relator's Reply. This is procedurally improper.

The Texas Rules of Appellate Procedure allow Replies to be filed to address arguments raised in a response. The rules do not countenance the raising of new arguments in a reply. "The relator may file a reply addressing any matter in the response." TRAP 52.5. The Rules of Appellate Procedure do not allow argument to be included in an appendix or for a reply to exceed the scope of the response to which it replies. Such is not the purpose of an appendix or a reply.

Word limits cannot be circumvented by including arguments in the Appendix and thereafter incorporating them by reference. Items should not be included in the Appendix to attempt to avoid the page limitations. Tex. R. App. P. 52.3(k)(2).

11

With respect to Relator's attempt to incorporate the Disavowed Amicus Brief by reference, because it has been disavowed by the purported amicus, it is no longer an amicus curiae brief at all. At most, the Disavowed Amicus Brief consists of new and further argument by Relator improperly characterized as an appendix and presented in violation of applicable procedural rules.

Relator's attempts to dignify and exalt the Disavowed Amicus Brief by reference to the TCDLA fly in the face of the instruction by the Executive Committee of the TCDLA to withdraw the Brief and request that it be stricken from the record. The Disavowed Amicus Brief should be stricken and not considered by the Court, whether included in Relator's Appendix or otherwise.

## II.    A brief yet to come?

The reference in the Reply to an amicus brief yet to be filed raises interesting questions. Relator seeks to incorporate the arguments to be found in an unfiled, undescribed, but expected, amicus curiae brief of a third party, the NACDL. A proper reply cannot incorporate arguments yet to be made, or briefs yet to be filed. The Texas Rules of Appellate Procedure provide for the Petition, the Response and the Reply. Further pleadings by parties are not provided for in the rules absent leave of Court. Tex. R. App. P. Rules 52.3, 52.4, and 52.5. Relator seeks the completely open-ended opportunity to pile on page after page of

argument after having already submitted his petition and now being limited only to addressing the matters raised in Collin County's response brief.

### III.   No agency relationship.

There is no support for the factual allegation raised by Relator in the Reply that Judge Becker was an agent of Collin County for the purpose of obligating a future payment of attorney fees, or establishing future hourly rates. Relator alleges that Judge Becker agreed to pay the attorneys pro tem $300 per hour; however, the authority over the county fiscal policy and contracting functions lies with the Commissioners Court. *Smith v. Flack*, 728 S.W.2d 784, 790-91 (Tex. Crim. App. 1987). There is no sworn statement as to the agency relationship, and nothing to show how Judge Becker would have obtained the authority to act independently and in advance of the rendition of services to enter into a contract in behalf of Collin County.

Judge Becker's authority to determine attorneys' fees was defined in Tex. Code Crim. Proc. Arts. 2.07(c) and 26.05, and was limited to the fixed rates and minimum and maximum hourly rates approved by the Collin County District Court Judges trying criminal court cases. And, of course, such authority would not exist after he recused himself and was no longer the presiding judge. Art. 26.05(c). The remedy for a fee schedule containing fixed rates or hourly rates that a judge considers too low to attract and reasonably compensate competent counsel would

13

be to revise the fee schedule through the exercise of Art. 26.05 procedures and safeguards. Texas law requires the setting of attorney compensation rates to involve the collective wisdom of the district court judges trying criminal cases in Collin County, and does not authorize a single judge to resort to unilateral self-help and order payments outside (either above or below) the fee schedule.

## IV. The agreement to pay $300 per hour is not allowed by Rule 4.01B.

Relator raised the argument in the Reply that Judge Becker agreed to pay the attorneys pro tem $300 per hour and that he did so because of "the unusual circumstances of the case" and that "paying the usual rates would be manifestly inappropriate because of circumstances beyond the Relator's control." Reply, p. 13-14. The argument is irrelevant, since Rule 4.01B is void and in contravention of Art. 26.05 which requires fee payments be made within a fee schedule that contains fixed fees or minimum and maximum hourly rates. Neither Judge Becker nor Judge Gallagher could order a payment that exceeded (or fell below) the fixed rates or minimum and maximum hourly rates of the fee schedule. Further, the plain text of the rule invalidates Relator's argument. The rule states that it is the "judge presiding over a case" who authorizes payment. Judge Becker recused himself after appointing the attorneys pro tem. Although advance payments for costs were permitted by the Collin County Local Rules, no provision exists in such rules for interim fee payments to attorneys. See Local Rules 4.02 and 4.03. Judge

14

Becker could not know in advance of the submission of fee requests, in advance of his recusal or in advance of the completion of the prosecution how much would be an appropriate fee to pay the attorneys pro tem. Relator's argument that Judge Becker was authorized by Rule 4.01B has no merit at all. Judge Becker had no authority under the law, not under the Collin Fee Schedule, Rule 4.01B or Article 26.05, to agree in advance to an hourly rate for court appointed counsel-especially in a case over which he would not preside because of his voluntary recusal. Rule 4.01B and Art. 26.05(c) limit the authority to the presiding judge and a presiding judge acting alone has no authority to set a rate in advance. Neither Judge Becker nor Judge Gallagher had the authority to approve a fee that varied (above or below) from the fixed rates or minimum and maximum hourly rates identified in the Collin County fee schedule.

## CONCLUSION

The law is clear and properly enacted by the Legislature. It establishes a wise framework for paying court appointed counsel that works well when used according to its terms. This Court should not disrupt a statutory framework simply because Relator ignored it and is now faced with a result Relator considers distasteful. This is especially true where the fix demanded by Relator would return Texas jurisprudence to a day when court appointed lawyers were paid at the whim of individual judges on a case by case basis.

15

## PRAYER

Collin County respectfully asks that this Court deny the writ and let stand the well-reasoned order of the Fifth Court of Appeals issued on August 21, 2017. Further, Collin County asks that the Disavowed Amicus Brief in the Appendix to the Reply be stricken and not considered by the Court, and that any incorporated part of the NACDL amicus brief, if it is submitted, not be incorporated into the Reply as requested by Relator. Collin County prays for any other, further or additional relief to which Collin County may be entitled.

Respectfully submitted,

SIEBMAN, BURG, PHILLIPS & SMITH, LLP

By: /s/ Clyde M. Siebman

Clyde M. Siebman
Texas Bar No. 18341600
clydesiebman@siebman.com
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
300 North Travis
Sherman, Texas 75090
(903)870-0070- Telephone
(903)870-0066- Fax

Bryan H. Burg
Texas Bar No. 03374500
bryanburg@siebman.com
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
4949 Hedgcoxe Road, Suite 230
Plano, Texas 75024
(214)387-9100- Telephone
(214)387-9125- Fax

COUNSEL FOR REAL PARTY IN
INTEREST, COLLIN COUNTY, TEXAS,
COUNTY COMMISSIONERS

## **CERTIFICATION**

I certify that I have reviewed the Sur-reply to Relator's Reply to the Collin County Commissioner Court's Response to Petition for Writ of Mandamus and/or Motion to Strike the Purported Amicus Briefs Incorporated by Reference Therein and concluded that every factual statement in the Response is supported by competent evidence included in the appendix or record.

*/s/ Clyde M. Siebman*

## **CERTIFICATE OF SERVICE**

I certify that on November 9, 2017, I served a copy of the foregoing Collin County Commissioners Court's Response to Relator's Petition for Writ of Mandamus on all counsel of record by delivering a true and correct copy to them by electronic delivery at the time this Response was filed.

*/s/ Clyde M. Siebman*

APPENDIX

1.    Motion to Withdraw Amicus Brief

# APPENDIX TAB

# 1

No. WR-86,920-02

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**In re The State of Texas ex rel. Brian W. Wice, Relator**

On Petition for Writ of Mandamus

# Motion to Withdraw Amicus Brief

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

On Friday, October 27, 2017, I caused to be electronically filed a document entitled "Brief for the Texas Criminal Defense Lawyers Association as Amicus Curiae Supporting Relator" in Cause No. WR-86-920-02, "***In re The State of Texas ex rel. Brian W. Wice, Relator***."

TCDLA has established procedures and policies relating to the filing of amicus briefs which are published on the Association's website.[1] Because those procedures were not followed, this brief was in fact not authorized to be filed by TCDLA. I have been

---

[1] See <u>TCDLA Amicus Brief Committee Guidelines</u>.

instructed by the Executive Committee of TCDLA to withdraw the brief and request that it be stricken from the record.

## Prayer

I hereby respectfully request that the brief be withdrawn, stricken and not considered by the Court since it was not authorized to be submitted to the Court by TCDLA.

Respectfully submitted,

**David A. Schulman**
Attorney at Law
1801 East 51st Street, Suite 365474
Austin, Texas 78723
Tel. 512-474-4747
Fax: 512-532-6282
eMail: zdrdavida@davidschulman.com

State Bar Card No. 17833400

Co-Chair; TCDLA Amicus Committee

# Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X8 software, contains 6,769 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on October 27, 2017, a true and correct copy of the above and foregoing "Brief for the Texas Criminal Defense Lawyers Association as *Amicus Curiae* Supporting Relator" was transmitted electronic mail (eMail) to the following individuals:

**Relators**

Brian W. Wice (wicelaw@att.net),
Kent Schaffer (kentschaffer@gmail.com), and
Nicole DeBorde (nicole@bsdlawfirm.com), Relators

**Counsel for the Collin County Commissioners Court**

Clyde M. Siebman (clydesiebman@siebman.com) and
Bryan H. Burg (bryanburg@siebman.com)

**Counsel for Warren Kenneth Paxton, Jr.**

Dan Cogdell (dan@cogdell-law.com)
Bill Mateja (mateja@polsinelli.com)
Philip Hilder (phillip@hilderlaw.com)
Heather Barbieri (hbarbieri@barbierilawfirm.com)

**Counsel for County Judges and Commissioners Association of Texas**

James P. Allison (j.allison@allison-bass.com)

**David A. Schulman**